**Russell HAIRSTON, et al., Plaintiffs,**

v.

**PACIFIC–10 CONFERENCE, an unincorporated association, et al., Defendants.**

**No. C93–1763R.**

United States District Court, W.D. Washington, Seattle Division.

Feb. 21, 1995.

Michael D. Hunsinger, Neubauer & Hunsinger, James L. Magee, Graham & Dunn, Henry C. Jameson, Jameson Babbitt Stites & Lombard, Seattle, WA, for plaintiffs Russell Hairston, Frank Garcia, Jaime Weindl, Jovan McCoy, Kyle Roberts, individuals, Scoreboard Inc., a Wash. Corp., Team Spirit Inc., a Wash. Corp., Graham S. Anderson, an individual.

Al VanKampen, Richard J. Wallis, Angela M. Luera, Bogle & Gates, Seattle, WA, for defendant Pacific–10 Conference, an unincorporated ass'n.

Peter D. Byrnes, Byrnes & Keller, Seattle, WA, for defendant National Collegiate Athletic Ass'n, an unincorporated ass'n.

ORDER GRANTING DEFENDANT PAC–10'S MOTION FOR SUMMARY JUDGMENT AND STRIKING DEFENDANT PAC–10'S MOTION TO STRIKE CERTAIN DECLARATIONS

ROTHSTEIN, District Judge.

THIS MATTER comes before the court on a motion for summary judgment by defen-

dant Pacific–10 Conference ("the Pac–10"). Having reviewed the motion together with all documents filed in support and in opposition, and being fully advised, the court finds and rules as follows:

Plaintiffs are several players on the University of Washington football team who sued defendants Pac–10 and the National Collegiate Athletic Association ("NCAA") on the grounds that they had committed a violation of § 1 of the Sherman Act, 15 U.S.C. § 1, and Washington state antitrust law by conspiring to restrain competition. Plaintiffs alleged that defendants accomplished these violations of antitrust law by imposing an unduly harsh penalty in the form of a two-year bowl ban against the University of Washington for infractions of NCAA and Pac–10 rules and regulations. The Pac–10 now moves for summary judgment on several grounds, only one of which the court needs to address.

Summary judgment is appropriate when a court concludes from the record before it that there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). Once the moving party has established the absence of evidence to support an element of the nonmovant's claims, the burden shifts to the nonmoving party to produce sufficient evidence to demonstrate the existence of a genuine factual issue. *Id.* at 250, 106 S.Ct. at 2511.

The Pac–10 argues that plaintiffs have presented no evidence of any anticompetitive conspiracy among Pac–10 members or between the Pac–10 and the NCAA to harm the University of Washington. After carefully reviewing plaintiffs' case, the court agrees.

There has never been any question that the Pac–10 and the NCAA had a legitimate basis for imposing some sort of penalty against the University of Washington for admitted violations of NCAA rules and regulations. However, plaintiffs filed this lawsuit based on the premise that the actual penalties imposed, and the two-year bowl ban in particular, were excessively harsh, unreasonable and the product of an anticompetitive conspiracy to eliminate the University of Washington's bowl prospects for two seasons.

Plaintiffs have now had the opportunity to conduct discovery in order to substantiate the allegations in their complaint. Nevertheless, they continue to rest their case on nothing but suspicion about the Pac–10's and the NCAA's reasons for imposing the bowl ban penalty against the University of Washington. In essence, plaintiffs' case is still based solely on their belief that the penalty was excessive and that, therefore, it must have been the product of an illegal conspiracy in violation of antitrust laws. That is not sufficient. As the Ninth Circuit has made clear in cases like *Barnes v. Arden Mayfair, Inc.,* 759 F.2d 676, 680 (9th Cir.1985), plaintiffs must come forward with specific facts in support of their conspiracy allegations once a legitimate reason for defendants' conduct has been suggested. This court is not prepared to infer illegal behavior from "mere contacts and communications, or the mere opportunity to conspire...." *Cooper v. Forsyth County Hospital Authority, Inc.,* 789 F.2d 278, 281 (4th Cir.), *cert. denied,* 479 U.S. 972, 107 S.Ct. 474, 93 L.Ed.2d 418 (1986). *See also, Todorov v. DCH Healthcare Authority,* 921 F.2d 1438, 1456 (11th Cir.1991).

Defendant Pac–10's motion for summary judgment must accordingly be GRANTED, and this case dismissed for failure to present evidence of an anticompetitive conspiracy as required to establish a Sherman Act § 1 violation. Defendant Pac–10's motion to strike certain declarations submitted by plaintiffs is STRICKEN as moot because the court does not need to reach the issue to which those declarations pertain.